**ARNALL GOLDEN GREGORY LLP**
Briana R. Falcon (*Pro Hac Vice* Forthcoming)
briana.falcon@agg.com
Thomas J. Caulfield (*Pro Hac Vice* Forthcoming)
thomas.caulfield@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

Scott E. Taylor (*Pro Hac Vice* Forthcoming)
scott.taylor@agg.com
Avery E. Carter (*Pro Hac Vice* Forthcoming)
mailto:avery.carter@agg.com
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-7030
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

**CALLAHAN & BLAINE, PC**
Javier Van Oordt (Bar No. 184879)
jvo@callahan-law.com
Jason P. Casero (Bar No. 263933)
jcasero@callahan-law.com
19900 MacArthur Blvd., Suite 1200
Irvine, California 92612
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff FOCUS
FINANCIAL PARTNERS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOCUS FINANCIAL PARTNERS, LLC, | CASE NO. 8:26-cv-01050 |
| Plaintiff, | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| v. | |
| MOSAIC VALUE PARTNERS, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 1 -

Plaintiff Focus Financial Partners, LLC ("FFP") brings this action to stop the unauthorized use of its incontestable, federally registered trademarks by Defendant Mosaic Value Partners, LLC ("Defendant"), a junior user that adopted and began operating under a confusingly similar name with full knowledge of FFP's marks.

## INTRODUCTION

1. This is an action for trademark infringement, unfair competition, and related claims arising from Defendant's unauthorized adoption and use of the name "Mosaic Value Partners" in connection with financial advisory and wealth management services, services identical to those for which FFP holds federally registered, incontestable trademarks. Mosaic Family Wealth Partners, LLC ("Mosaic") is an owned and controlled network firm of FFP. The Mosaic Marks (defined below) have been assigned to FFP, and FFP brings this action as the owner of those marks.

2. Mosaic is an independent wealth management and investment advisory firm that has operated under the "Mosaic" family of marks since 2015. Mosaic is registered with the Securities and Exchange Commission, manages approximately $1.6 billion in client assets, and serves high-net-worth individuals, families, trusts, estates, and retirement plans. During more than a decade of continuous use, Mosaic has invested substantial time and resources in building and protecting its brand, cultivating widespread consumer recognition and establishing valuable goodwill in the marketplace.

3. The entity was formed by John Buckingham, Jason Clark, and Christopher Quigley (collectively, the "Principals"), all of whom were at the time employed at Focus Partners Wealth, LLC ("FPW"), a wholly owned subsidiary of FFP. Their purported last day with FPW was April 24, 2026.

4. The Principals were previously affiliated with Kovitz Investment Group, LLC which was integrated into FPW. Their employment at FPW gave them direct exposure to the Mosaic brand and the services offered under the Mosaic Marks. FPW

COMPLAINT

is the entity through which Mosaic operates as an owned and controlled network firm of FFP.

5. On April 24, 2026, Defendant commenced operations through the Mariner Independent platform.[1] Defendant has been described as the "largest firm to date" to launch on the Mariner Independent platform and manages approximately $1.3 billion in assets.

6. Defendant's launch was the subject of a nationally distributed press release through GlobeNewswire, a global newswire network that distributes to "media, investors, and consumers worldwide." The launch was subsequently covered by the Mariner Wealth Advisors Newsroom, Financial Advisor Magazine, and InvestmentNews, further disseminating the infringing "Mosaic Value Partners" name to a national audience of financial advisors, investors, and consumers.

7. Defendant's services target the same consumers and operate in the same trade channels as FFP's services under the Mosaic Marks, creating a likelihood of confusion that is clear and immediate.

8. Despite receiving two cease-and-desist letters demanding immediate cessation of the infringing conduct, Defendant has not complied. To the contrary, Defendant escalated its infringement by launching a professionally branded website at mosaicvaluepartners.com, actively soliciting clients under the Mosaic name. FFP now brings this action to protect its trademark rights and to halt Defendant's ongoing and willful infringement.

---

[1] Mariner is a national financial services firm headquartered in Overland Park, Kansas, whose affiliates collectively advise on more than $647 billion in assets as of March 31, 2026. Mariner Independent is Mariner's platform for advisors seeking to operate independently. Defendant commenced operations through Mariner Independent on or around April 24, 2026. *See* https://independent.mariner.com/ (last visited April 30, 2026).

- 3 -

**THE PARTIES**

9.     Plaintiff Focus Financial Partners, LLC is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. FFP is the owner of the Mosaic Marks, which have been assigned to FFP and recorded with the USPTO.

10.     Mosaic Family Wealth Partners, LLC is a Delaware limited liability company that is a minority-owned and controlled network firm of FFP. Mosaic has operated under the "Mosaic" family of marks since 2015. The Mosaic Marks were assigned to FFP, and FFP brings this action as the owner of those marks.

11.     Defendant Mosaic Value Partners, LLC is a California limited liability company purporting to provide investment and wealth management advisory services, with its principal place of business located at 120 Vantis Drive, Suite 300, Aliso Viejo, CA 92677.

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121.

13.     This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14.     This Court has personal jurisdiction over the Defendant because it is a California limited liability company with its principal place of business in Aliso Viejo, California, which is within this judicial district. Further, the acts of infringement and unfair competition complained of herein were committed within this judicial district.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant has conducted, and continues to conduct, business in this District, and a substantial part of the events or omissions, including FFP's injuries, giving rise to this claim occurred in this District.

COMPLAINT

## FACTUAL ALLEGATIONS

### I.    Mosaic's Business

16.    Mosaic is an independent wealth management and investment advisory firm that has operated under the "Mosaic" family of marks since 2015. Mosaic is registered with the Securities and Exchange Commission, manages approximately $1.6 billion in client assets, and serves high-net-worth individuals, families, trusts, estates, and retirement plans.

17.    During more than a decade of continuous use, Mosaic has invested substantial time and resources in building and protecting its brand, cultivating widespread consumer recognition and establishing valuable goodwill in the marketplace. Mosaic offers financial planning, wealth management, investment advisory, trust and estate financial administration, estate planning consultation, financial risk management consultation, and related services.

18.    Mosaic has physical offices located in St. Louis, Missouri and Denver, Colorado, but provides its financial services to clients all across the United States.

19.    On or about November 2021, Mosaic joined the FFP partnership and its network of wealth management firms.

## FACTUAL ALLEGATIONS

### II.    Mosaic's Business

20.    FFP owns the following federally registered trademarks (collectively, the "Mosaic Marks"), each on the Principal Register of the United States Patent and Trademark Office for financial planning, wealth management, investment advisory, trust and estate financial administration, estate planning consultation, financial risk management consultation, and related services in International Class 036. The Mosaic Marks were assigned to FFP, and the assignment is recorded with the USPTO:

(a) **MOSAIC FAMILY WEALTH** ® (standard character mark), U.S. Reg. No. 4,982,047, registered June 21, 2016 (incontestable);

(b) **MOSAIC FAMILY WEALTH**® (composite mark featuring the

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 5 -

COMPLAINT

Mosaic design element), U.S. Reg. No. 5,295,541, registered September 26, 2017 (incontestable);

(c) **MOSAIC FAMILY OFFICE®** (standard character mark), U.S. Reg. No. 7,213,872, registered November 7, 2023.

21. FFP also has a pending application for **MOSAIC WEALTH**, U.S. Serial No. 98/503,249, which has been published for opposition and received a Notice of Allowance. True and correct copies of each registration and application for the Mosaic Marks are attached hereto as **Exhibit A**.

22. Two of the Mosaic Marks are incontestable under 15 U.S.C. § 1115(b), providing "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b).

## III.   Defendant's Infringing Conduct

23. The Principals were each employed at FPW, a wholly owned subsidiary of FFP. FPW is the entity through which Mosaic operates as an owned and controlled network firm of FFP. During their employment at FPW, the Principals had direct exposure to the Mosaic brand and the services offered under the Mosaic Marks.

24. On or about April 7, 2026, while still employed by FPW, the Principals formed Mosaic Value Partners, LLC with the California Secretary of State.

25. The Principals' purported last day of employment with FPW was April 24, 2026.

26. On April 24, 2026, the same day as their purported last day of employment, Defendant commenced operations as a competing financial services firm through the Mariner Independent platform.

27. On or about April 28, 2026, widespread media coverage of Defendant's launch of Mosaic Value Partners appeared across multiple prominent financial industry publications and news outlets, including GlobeNewsWire, Mariner Wealth

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

COMPLAINT

Advisors Newsroom, Financial Advisor Magazine, and InvestmentNews. The media coverage described the launch of Mosaic Value Partners as a $1.3 billion advisory firm and identified the Principals as former executives of Focus Financial. True and correct copies of the news articles are attached hereto as **Exhibit B**.

28.    This media coverage dramatically compounded the harm to FFP and Mosaic by disseminating the infringing "Mosaic Value Partners" name to a national audience of financial advisors, investors, and consumers, deepening the likelihood of confusion between Defendant's firm and Mosaic's well-established brand.

29.    On April 28, 2026, FFP's counsel sent two cease-and-desist letters to Defendant and its then-counsel. The first letter demanded that Defendant immediately cease all use of the "Mosaic Value Partners" name, file the necessary documents with the California Secretary of State to amend the entity name, and confirm compliance by May 1, 2026. A follow-up letter, sent later the same day, set an accelerated compliance deadline of 5:00 PM ET on April 29, 2026, and expressly warned that suit and emergency injunctive relief would follow if Defendant did not comply. The follow-up letter also demanded that Defendant take immediate steps to cause the retraction or correction of any press releases, media statements, or public announcements referencing the "Mosaic Value Partners" name. True and correct copies of the cease-and-desist letters are attached hereto as **Exhibit C**.

30.    As of April 28, 2026, the day FFP sent the cease-and-desist letters, Mosaic Value Partners did not have a live website.

31.    On or about April 29, 2026, the day *after* FFP sent the cease-and-desist letters, Defendant launched a professionally branded website at mosaicvaluepartners.com. The website prominently features the "Mosaic Value Partners" name throughout, a custom mosaic tile logo, professional headshots of each of the Principals, descriptions of wealth management and investment advisory services, and a client contact form actively soliciting new business under the Mosaic name. The website describes the firm's services as including "retirement and estate

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

COMPLAINT

planning," "advising on insurance and taxes," and creating "tailored financial solutions," all of which fall squarely within the scope of the Mosaic Marks' registrations for financial planning, wealth management, and related services in International Class 036. True and correct copies of the screenshots taken from the website (https://mosaicvaluepartners.com/) are attached hereto as **Exhibit D**.

32.    Through its website, Defendant advertises financial advisory services identical to those offered by FFP under the Mosaic Marks. The post-notice launch of this website is powerful evidence of Defendant's willful infringement.

33.    As of the filing of this Complaint, Defendant has failed to comply with the demands set forth in the cease-and-desist letters and continues to use the name Mosaic Value Partners in connection with financial services. Defendant has indicated a willingness to discuss "amicable resolution" but has not offered to cease use of the infringing name pending such discussions.  A True and correct copy of the response to the cease-and-desist letters is attached hereto as **Exhibit E**.

## IV.    Likelihood of Confusion with the Mosaic Marks

34.    Defendant's use of the Mosaic Value Partners name infringes FFP's rights in the Mosaic Marks because Defendant's name is confusingly similar to FFP's marks.

35.    Defendant's name, "Mosaic Value Partners," appropriates the sole distinctive element of FFP's marks, "Mosaic," and appends only the generic, non-distinguishing words "Value" and "Partners." The addition of generic or descriptive terms to a protected mark does not reduce the likelihood of confusion.

36.    The services offered by Defendant under the Mosaic Value Partners name are *identical* to the services for which the Mosaic Marks are registered, namely, financial planning, wealth management, investment advisory, and related financial services.

37.    Defendant's services target the exact same consumers and operate in the exact same trade channels as FFP's services.

COMPLAINT

38.    Defendant had prior knowledge of the Mosaic brand from the Principals' employment at FPW, the wholly owned subsidiary through which Mosaic operates as an owned and controlled network firm of Plaintiff FFP. Even assuming the Principals could deny subjective awareness of the Mosaic Marks, any prudent person forming a financial services firm under the name "Mosaic" would have been obligated to conduct a basic trademark search before adopting the name. A search of the USPTO database would have immediately revealed FFP's three federal registrations, two of which are incontestable. The failure to conduct such a search supports an inference of willful blindness.

39.    FFP can establish Defendant's intent through three independent paths: (1) prior knowledge derived from the Principals' employment at FPW; (2) constructive knowledge through the Principals' failure to search the USPTO database before adopting a confusingly similar name; and (3) willful post-notice escalation, launching a professionally branded website under the Mosaic name after receiving cease-and-desist letters asserting FFP's incontestable trademark rights.

40.    The likelihood of confusion between Defendant's "Mosaic Value Partners" name and the Mosaic Marks is overwhelming. Consumers encountering the name "Mosaic Value Partners" in connection with financial services are likely to believe, mistakenly, that Defendant's services are offered by, affiliated with, or sponsored by Plaintiff FFP.

41.    As a direct and proximate result of Defendant's unauthorized adoption and use of the Mosaic Value Partners name, FFP has suffered and continues to suffer significant and irreparable harm. Defendant's infringing conduct is likely to cause, and likely already has caused, confusion among consumers, financial advisors, investors, and the public as to the source, origin, sponsorship, and affiliation of Defendant's services, thereby diverting business, goodwill, and consumer recognition away from FFP.

42.    FFP has suffered damage to the distinctive quality and value of the

COMPLAINT

Mosaic Marks, erosion of the goodwill developed over more than a decade, and loss of control over the quality of services offered under and associated with the Mosaic brand, which is an integral part of FFP's network of firms.

43.    Defendant's willful infringement has further caused FFP to incur substantial costs and attorney's fees in its efforts to enforce its trademark rights.

44.    Unless restrained and enjoined by this Court, Defendant will continue to cause irreparable injury to FFP for which there is no adequate remedy at law.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

### 15 U.S.C. § 1114

45.    Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 37 as though set forth fully herein.

46.    FFP is the owner of a valid federal trademark registration for MOSAIC FAMILY WEALTH® (standard character mark) under U.S. Reg. No. 4,982,047 as set out in Exhibit A in connection with financial services, namely, investment fund transfer and transaction services, brokerage in the field of investment security services, estate settlement services; wealth management services; investment services, namely, financial asset allocation, cash flow management, investment consultation, and investment management services; trust and estate financial administration services and estate planning consultation; financial risk management consultation; financial advisory and consultancy services; advice relating to investments and wealth management.

47.    FFP has used the MOSAIC FAMILY WEALTH® mark continuously in commerce for financial services since 2015.

48.    The MOSAIC FAMILY WEALTH® mark is incontestable under 15 U.S.C. § 1065.

49.    FFP is also the owner of a valid federal trademark registration for MOSAIC FAMILY WEALTH® (composite mark featuring the Mosaic design

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

COMPLAINT

element) under U.S. Reg. No. 5,295,541 as set out in Exhibit A in connection with financial services, namely, investment fund transfer and transaction services, brokerage in the field of investment security services, estate settlement services; wealth management services; investment services, namely, financial asset allocation, cash flow management, investment consultation, and investment management services; trust and estate financial administration services and estate planning consultation; financial risk management consultation; financial advisory and consultancy services; advice relating to investments and wealth management.

50. FFP has used the MOSAIC FAMILY WEALTH® mark continuously in commerce for financial services since 2015.

51. The MOSAIC FAMILY WEALTH® mark is incontestable under 15 U.S.C. § 1065.

52. FFP is also the owner of a valid federal trademark registration for MOSAIC FAMILY OFFICE® under U.S. Reg. No. 7,213,872 in connection with financial services, namely, investment fund transfer and transaction services, brokerage in the field of investment security services, estate settlement services; wealth management services; investment services, namely, financial asset allocation, cash flow management, investment consultation, and investment management services; trust and estate financial administration services and estate planning consultation; financial risk management consultation; financial advisory and consultancy services; advice relating to investments and wealth management.

53. FFP has priority in its federally registered Mosaic Marks.

54. Defendant had knowledge of FFP's ownership and rights in the Mosaic Marks prior to Defendant's adoption, use and display of its infringing and confusingly similar mark for identical financial services.

55. Defendant's unauthorized use of a mark confusingly similar to the Mosaic Marks and unauthorized promotion of identical financial services to unsuspecting consumers is a violation of Section 32(1) of the Lanham Act, 15 U.S.C.

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

§1114(1).

56.     Defendant's adoption of the Mosaic Value Partners name and the provision and promotion of unauthorized services under its infringing mark has created a likelihood of confusion and has likely caused, or will likely cause, mistake and deception in consumers' minds.

57.     As a result of Defendant's infringement, FFP has suffered and will continue to suffer irreparable harm to the goodwill and reputation associated with the Mosaic Marks, and its quality financial and wealth management services.

58.     FFP has no adequate remedy at law for the above immediate and continuing harm. FFP has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions. Hence, FFP is entitled to a preliminary and permanent injunction, prohibiting Defendant from using FFP's registered trademarks, the Mosaic Marks, or any mark confusingly similar thereto, in connection with Defendant's financial services business, pursuant to 15 U.S.C. § 1116.

59.     Defendant's conduct in infringing FFP's registered trademarks is willful and in bad faith. Given Defendant's post-notice escalation and deliberate disregard of FFP's trademark rights, this case should be deemed exceptional and FFP should be awarded, in addition to actual damages, enhanced damages up to three times the amount found, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### 15 U.S.C. § 1125(a)

60.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 52 as though set forth fully herein.

61.     Defendant's use of the name Mosaic Value Partners in connection with its financial advisory and wealth management services as alleged herein constitutes a false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. 1125(a)(1)(A), which is likely to cause, or has caused, confusion,

COMPLAINT

mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, and/or approval of Defendant's financial advisory and wealth management services by FFP.

62.   Defendant's actions have been willful, deliberate, and undertaken in bad faith, with prior knowledge of the Mosaic brand and FFP's prior and superior rights in the Mosaic Marks.

63.   As a direct and proximate result of Defendant's unfair competition and false designation of origin, FFP has suffered and will continue to suffer irreparable harm to its goodwill, reputation, and brand for which there is no adequate remedy at law.

64.   As a further direct and proximate result of Defendant's conduct, FFP is entitled to recover Defendant's profits, FFP's actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) because this is an exceptional case.

## COUNT III

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code § 17200, et seq.

65.   Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 57 as though set forth fully herein.

66.   California prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

67.   Defendant's use of Mosaic Value Partners in connection with financial services that are identical to those provided by FFP and Mosaic constitutes unlawful business practices within the meaning of Section 17200 because such conduct violates 15 U.S.C. §§ 1114 and 1125(a) and California statutory trademark protections, as alleged herein.

68.   Defendant's conduct also constitutes unfair business practices within the meaning of Section 17200 because Defendant's deliberate adoption of a name confusingly similar to the Mosaic Marks was designed to, and did, trade on the

COMPLAINT

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

goodwill and reputation that FFP and Mosaic have built over more than a decade in the financial services industry.

69.     As a direct and proximate result of Defendant's unfair business practices, FFP has suffered and will continue to suffer injury in fact and loss of money or property.

70.     FFP is entitled to injunctive relief and restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

## COUNT IV

## CALIFORNIA TRADEMARK INFRINGEMENT

## Cal. Bus. & Prof. Code § 14245

71.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 63 as though set forth fully herein.

72.     The Mosaic Marks are distinctive and well known in the State of California and throughout the United States in connection with wealth management and financial services.

73.     Without the authorization, consent, or approval of FFP, Defendant has used and continues to use a mark that is identical or confusingly similar to the Mosaic Marks in connection with financial advisory and wealth management services in the State of California.

74.     Defendant's use of Mosaic Value Partners is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services and as to the affiliation or connection of Defendant with FFP or Mosaic, constituting trademark infringement under California law, including Cal. Bus. & Prof. Code § 14245.

75.     As a direct and proximate result of Defendant's conduct, FFP has suffered and will continue to suffer damages, including irreparable harm to its goodwill and business reputation.

## COUNT V

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

76.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 68 as though set forth fully herein.

77.     By virtue of their longstanding and continuous use of the Mosaic Marks since 2015 in connection with wealth management and financial services in California and throughout the United States, FFP and Mosaic have acquired common law trademark rights in the Mosaic Marks.

78.     Defendant's adoption and use of Mosaic Value Partners in connection with identical financial services in California constitutes infringement of FFP's and Mosaic's common law trademark rights.

79.     Defendant's infringement has been and continues to be willful, in that Defendant adopted the Mosaic Value Partners name with full knowledge of the Mosaic brand and FFP and Mosaic's prior rights.

80.      As a direct and proximate result of Defendant's conduct, FFP has suffered and will continue to suffer irreparable injury and damages.

## PRAYER

**WHEREFORE**, FFP prays for judgment against Defendant, and that the Court award the following relief:

1.     Enter judgment against Defendant on all claims;

2.     Award FFP all actual damages, exemplary damages, and punitive damages to which it is entitled;

3.     Award FFP statutory and prejudgment interest;

4.     Award FFP the costs, expenses, and attorneys' fees incurred in connection with this lawsuit;

5.     Permanently enjoin Defendant, its officers, agents, servants, employees, and all persons acting in concert with Defendant from: (a) using the name "Mosaic Value Partners" or any other mark confusingly

- 15 -

COMPLAINT

similar to the Mosaic Marks in connection with financial services; (b) operating, maintaining, or directing traffic to the website mosaicvaluepartners.com or any other website incorporating the word "Mosaic" in connection with financial services; and (c) taking such steps as the Court may direct to correct any false impression created by Defendant's infringing conduct, including retraction or correction of press releases and media statements;

6.  Order Defendant to file the necessary documents with the California Secretary of State to amend its entity name to remove any reference to "Mosaic";

7.  Award FFP Defendant's profits attributable to its infringement, FFP's actual damages, and enhanced damages up to three times the amount found, pursuant to 15 U.S.C. § 1117(a);

8.  For all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated:  May 1, 2026

**ARNALL GOLDEN GREGORY LLP**
Attorneys for Plaintiff

**CALLAHAN & BLAINE, PC**
Local Counsel for Plaintiff

By: _____
Javier Van Oordt

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 16 -
COMPLAINT

## VERIFICATION

I, Jason Dubinsky, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

I have read the foregoing Verified Complaint for Injunctive Relief and Damages and know the document's contents.

I am the Chief Financial Officer of Plaintiff Focus Financial Partners, LLC, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe that the facts stated in the foregoing document are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 1st day of May 2026, in Chicago, Illinois.

_____
Jason Dubinsky

CALLAHAN & BLAINE., PC
19900 MACARTHUR BLVD. SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE (714) 241-4444
www.callahan-law.com

- 17 -
COMPLAINT