**ARNALL GOLDEN GREGORY LLP**
Briana R. Falcon (*Pro Hac Vice* Forthcoming)
briana.falcon@agg.com
Thomas J. Caulfield (*Pro Hac Vice* Forthcoming)
thomas.caulfield@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

Scott E. Taylor (*Pro Hac Vice* Forthcoming)
scott.taylor@agg.com
Avery E. Carter (*Pro Hac Vice* Forthcoming)
mailto:avery.carter@agg.com
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-7030
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

**CALLAHAN & BLAINE, PC**
Javier Van Oordt (Bar No. 184879)
jvo@callahan-law.com
Jason P. Casero (Bar No. 263933)
jcasero@callahan-law.com
19900 MacArthur Blvd., Suite 1200
Irvine, California 92612
Phone: (714) 241-4444

Counsel for Plaintiff FOCUS FINANCIAL PARTNERS, LLC

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS FINANCIAL PARTNERS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>MOSAIC VALUE PARTNERS, LLC,<br><br>   Defendant. | CASE NO. 8:26-cv-01050-JWH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED AGAINST DEFENDANT MOSAIC VALUE PARTNERS. LLC** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS .................................................................................. 1

LEGAL STANDARD ......................................................................................... 6

ARGUMENT ...................................................................................................... 7

I.    FFP is Likely to Succeed on the Merits. ................................................. 7

    A.    FFP has a Protectible Ownership Interest in the Mosaic Marks............. 7

    B.    Defendant's Use of the "Mosaic Value Partners" Name is Likely to Cause Consumer Confusion.................................................................. 8

        1.    Relatedness of Services and Similarity of Marks......................... 9

        2.    Strength of the Marks ................................................................. 10

        3.    Marketing Channels.................................................................... 11

        4.    Evidence of Actual Confusion.................................................... 11

        5.    Type of Services and Purchaser Care ......................................... 11

        6.    Defendant's Intent ...................................................................... 12

II.   Defendant's Continued Use of the Mosaic Marks Will Cause Irreparable Harm. ................................................................................. 13

III.  The Balance of the Equities Tips Sharply in FFP's Favor.................... 15

IV.   An Injunction Serves the Public Interest.............................................. 16

V.    No Bond or a Nominal Bond is Appropriate. ....................................... 16

CONCLUSION................................................................................................. 17

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- i -

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ................................................................ 6

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979): (1) ....................................... 8, 9, 10, 13

*Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*,
457 F.3d 1062 (9th Cir. 2006) .............................................................. 11

*Biomax Health Prods. LLC v. Perfectx United States*,
No. 23-cv-02834-SI, 2023 U.S. Dist. LEXIS 114240 (N.D. Cal.
June 27, 2023) ......................................................................................... 6

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
174 F.3d 1036 (9th Cir. 1999) ................................................................ 8

*Century 21 Real Est. Corp. v. Sandlin*,
846 F.2d 1175 (9th Cir. 1988) .............................................................. 14

*Cisco Sys. v. Wuhan Wolon Commun. Tech. Co.*,
No. 5:21-cv-04272-EJD, 2021 LX 80832 (N.D. Cal. July 23, 2021) ................. 6

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
321 F.3d 878 (9th Cir. 2003) ................................................................ 16

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*,
142 F.3d 1127 (9th Cir. 1998) ................................................................ 8

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*,
618 F.3d 1025 (9th Cir. 2010) .............................................................. 10

*GoTo.com, Inc. v. Walt Disney Co.*,
202 F.3d 1199 (9th Cir. 2000) ................................................... 10, 12, 13

*JL Bev. Co., LLC v. Jim Beam Brands Co.*,
828 F.3d 1098 (9th Cir. 2016) .............................................................. 10

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

*Juul Labs v. Chou*,
No. CV 21-3056 DSF, 2021 U.S. Dist. LEXIS 207138 (C.D. Cal. June 9, 2021)..................................................................................................16

*Monster, Inc. v. Dolby Lab'ys Licensing Cor*p.,
920 F. Supp. 2d 1066 (N.D. Cal. 2013)..............................................................11

*Nissan Motor Co. v. Nissan Computer Corp.*,
378 F.3d 1002 (9th Cir. 2004) ...............................................................................9

*Nissan Motor Co. v. Nissan Computer Corp.*,
89 F. Supp. 2d 1154 (C.D. Cal.)....................................................................8, 12

*NML Capital, Ltd. v. Spaceport Sys. Int'l*,
L.P., 788 F. Supp. 2d 1111 (C.D. Cal. 2011) ......................................................6

*Ochoa v. Lopez*,
No. 8:21-CV-00983-JVS, 2022 U.S. Dist. LEXIS 230071 (C.D. Cal. Dec. 21, 2022) ....................................................................................................14

*Playboy Enters., Inc. v. Baccarat Clothing Co.*,
692 F.2d 1272 (9th Cir. 1982) .............................................................................16

*Restoration Hardware, Inc. v. Alimia Light*,
No. 23-cv-00948-HSG, 2023 U.S. Dist. LEXIS 91146 (N.D. Cal. May 24, 2023)..............................................................................................14, 15

*SATA GmbH & Co. KG v. Wenzhou New Century Int'l*,
No. CV 15-08157-BRO (Ex), 2015 U.S. Dist. LEXIS 147637 (C.D. Cal. Oct. 19, 2015).................................................................................................15

*Seeno v. Discovery Builders, Inc.*,
No. 5:23-cv-04072-EJD, 2024 U.S. Dist. LEXIS 28774 (N.D. Cal. Feb. 20, 2024).........................................................................................................7

*Shopnomix LLC v. Ad.com Interactive Media Inc.*,
No. 2:25-cv-10802-FLA, 2025 U.S. Dist. LEXIS 232946 (C.D. Cal. Nov. 20, 2025) ...........................................................................................*passim*

*Tee Turtle, LLC v. Anhui Leadershow Household Indus. Co.*,
No. CV 21-4703-CBM-(Ex), 2021 U.S. Dist. LEXIS 114490 (C.D. Cal. June 17, 2021)...............................................................................................15

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- iii -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

*Triad Sys. Corp. v. Se. Exp. Co.*,
   64 F.3d 1330 (9th Cir. 1995) .................................................................................15

*Vision Wheel, Inc v. Vision Forged*,
   732 F. Supp. 3d 1161 (C.D. Cal. 2024).................................................................7

*Warner Bros. Entm't v. Glob. Asylum, Inc.*,
   No. CV 12 - 9547 PSG, 2012 U.S. Dist. LEXIS 185695 (C.D. Cal.
   Dec. 10, 2012) ..................................................................................................6, 16

**Statutes**

15 U.S.C. § 1115(b)...........................................................................2, 7, 10, 11

15 U.S.C. § 1116(a) ...................................................................................... 13

IC 036 ............................................................................................................. 2

Lanham Act..................................................................................................... 16

Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) .......................................... 6, 7

Trademark Modernization Act of 2020 ..................................................... 13

**Other Authorities**

Rule 65(c) ..................................................................................................... 16

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

**INTRODUCTION**

Plaintiff Focus Financial Partners, LLC ("FFP") brings this action to stop the unauthorized use of its incontestable, federally registered trademarks by Defendant Mosaic Value Partners, LLC, a junior user that adopted and began operating under a confusingly similar name and offering identical financial services, with prior knowledge of FFP's marks. Defendant was formed on April 7, 2026, by three former employees of FFP's wholly owned subsidiary, Focus Partners Wealth, LLC ("FPW"). The former employees chose the "Mosaic" name despite exposure to FFP's established Mosaic brand. After receiving two cease and desist letters, Defendant not only refused to comply but affirmatively escalated its infringing activity by launching a professionally branded website soliciting clients under the Mosaic name. The Court should grant a temporary restraining order ("TRO") and issue an order to show cause ("OSC") as to why a preliminary injunction should not follow. Courts in this district have not hesitated to grant such relief under comparable circumstances. *See Shopnomix LLC v. Ad.com Interactive Media Inc*., No. 2:25-cv-10802-FLA (AGRx), 2025 U.S. Dist. LEXIS 232946 (C.D. Cal. Nov. 20, 2025) (granting TRO where defendant used identical marks for identical services with prior knowledge of plaintiff's marks).

**STATEMENT OF FACTS**

Plaintiff Focus Financial Partners, LLC ("FFP") is a privately-owned network of independent wealth management and other financial services firms specializing in financial planning, investment advisory, investment and wealth management, estate planning, and more. Mosaic Family Wealth Partners, LLC ("Mosaic") is an owned and controlled network firm of FFP. The Mosaic Marks (defined below) have been assigned to FFP, and FFP brings this action as the owner of those marks.

Mosaic is an independent wealth management and investment advisory firm that has operated under the "Mosaic" family of marks since 2015. Mosaic is registered with the U.S. Securities and Exchange Commission ("SEC"), manages approximately

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

$1.6 billion in client assets, and serves high-net-worth individuals, families, trusts, estates, and retirement plans. During more than a decade of continuous use, Mosaic has invested substantial time and resources in building and protecting its brand, cultivating widespread consumer recognition and establishing valuable goodwill in the marketplace and financial services industry. (Declaration of Jason Dubinsky) ("Dubinsky Decl."), ¶ 11.)

FFP owns the following federally registered trademarks (collectively, the "Mosaic Marks"), each on the Principal Register of the United States Patent and Trademark Office for financial planning, wealth management, investment advisory, trust and estate financial administration, estate planning consultation, financial risk management consultation, and related services in International Class 036:

- MOSAIC FAMILY WEALTH® (standard character mark), U.S. Registration No. 4,982,047, registered June 21, 2016 (incontestable), covering IC 036 financial and wealth management services;

- MOSAIC FAMILY WEALTH® (composite mark featuring the Mosaic design element), U.S. Registration No. 5,295,541, registered September 26, 2017 (incontestable), covering IC 036 financial and wealth management services;

- MOSAIC FAMILY OFFICE® (standard character mark), U.S. Registration No. 7,213,872, registered November 7, 2023, covering IC 036 financial and wealth management services.

FFP has also filed a pending application for "Mosaic Wealth," U.S. Serial No. 98/503,249, which has been published for opposition and received a Notice of Allowance. (Falcon Decl., ¶ 4.) True and correct copies of the above registrations and pending application are attached as Exhibit A to the Declaration of Briana R. Falcon.

Importantly, two of the Mosaic Marks are incontestable under 15 U.S.C. § 1115(b), providing conclusive evidence of Mosaic's exclusive rights. FFP's priority is beyond dispute. Any use of "Mosaic" in connection with financial services by a

- 2 -

junior user, particularly by former employees with prior knowledge of these marks, is presumptively infringing.

On or about April 7, 2026, Defendant Mosaic Value Partners, LLC was formed with the California Secretary of State. The entity was formed by John Buckingham, Jason Clark, and Christopher Quigley (collectively, the "Principals"), all of whom were at the time employed at Focus Partners Wealth, LLC ("FPW"), a wholly owned subsidiary of FFP. Their purported last day of employment with FPW was April 24, 2026. The Principals were previously affiliated with Kovitz Investment Group, LLC, which was integrated into FPW. (Dubinsky Decl., ¶ 13.)

On April 24, 2026, Defendant commenced operations through the Mariner Independent platform[1]. Defendant has been described as the "largest firm to date" to launch on the Mariner Independent platform. *See* GlobeNewswire, "Mariner Independent Launches $1.3B Mosaic Value Partners as Advisors Reestablish Independence and Expand Growth Strategy" (Apr. 28, 2026) (Dubinsky Decl., ¶ 15, Ex. A.) Defendant's launch was the subject of a nationally distributed press release through GlobeNewswire, a global newswire network that distributes to "media, investors, and consumers worldwide." *Id*. The launch was subsequently covered by the Mariner Wealth Advisors Newsroom, Financial Advisor Magazine, and InvestmentNews. *See* "Mariner Independent Launches $1.3B Mosaic Value Partners as Advisors Reestablish Independence and Expand Growth Strategy," Mariner Wealth Advisors Newsroom (Apr. 28, 2026); "Mariner Adds $1.3B California Firm To Independent Platform," Financial Advisor Magazine (Apr. 28, 2026); Leo Almazora, "RIA Moves: Mariner Independent Debuts $1.3B Firm Led by Ex-Focus

---

[1] Mariner is a national financial services firm headquartered in Overland Park, Kansas, whose affiliates collectively advise on more than $647 billion in assets as of March 31, 2026. Mariner Independent is Mariner's platform for advisors seeking to operate independently. Defendant began operations through Mariner Independent on or around April 24, 2026. See https://independent.mariner.com/ (last visited April 30, 2026).

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

Partners Wealth Trio," InvestmentNews (Apr. 28, 2026). *Id*.

On its website at mosaicvaluepartners.com, Defendant prominently and pervasively uses the "Mosaic Value Partners" name in connection with financial advisory services that are *identical* to those offered by Plaintiff under the Mosaic Marks. (Dubinsky Decl., ¶ 16, Ex. B.) The website features a custom mosaic tile logo, professional headshots of each co-founder, descriptions of the firm's wealth management and investment advisory services, and a client contact form actively soliciting new business under the Mosaic name. (*Id*.) The website describes the firm's services as including "retirement and estate planning," "advising on insurance and taxes," and creating "tailored financial solutions," all of which fall squarely within the scope of the Mosaic Marks' registrations for financial planning, wealth management, and related services. (Dubinsky Decl., ¶ 17.)

Reproduced below is a true and accurate screenshot of the top portion of Defendant's homepage at mosaicvaluepartners.com, showing Defendant's prominent use of the Mosaic name to market and sell its services:

In addition to its investment advisory and wealth management business,



URL:

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

Defendant plans to rebuild a research publication called "Value Investor Perspectives" under the Mosaic Value Partners brand, which previously reached tens of thousands of subscribers through weekly commentaries, monthly market updates, and long-form investment research. (Dubinsky Decl., ¶ 15, Ex. A.) The Principals' public statements reflect an intent to build a permanent, long-term business under the Mosaic name. In the GlobeNewswire article, Buckingham stated: "As we considered our next phase of growth, it was important to find a partner that could support that foundation while giving us the resources to expand and evolve." (*Id.*) Sandrew, head of Mariner Independent, further endorsed the brand by stating: "Mosaic Value Partners brings together a disciplined investment philosophy with a differentiated client engagement model, and we're proud to support their next chapter as they build an independent firm designed for long-term growth." (*Id.*)

When Plaintiff learned of Defendant's launch on April 28, 2026, its counsel sent two cease and desist letters to Defendant and its counsel. (Falcon Decl., ¶ 10-11.) The first letter demanded that Defendant immediately cease and desist from all use of the "Mosaic Value Partners" name, file the necessary documents with the California Secretary of State to amend the entity name, and confirm compliance by May 1, 2026. (Falcon Decl., ¶ 10, Ex. C.) When the extensive media coverage continued throughout the day, Plaintiff's counsel sent a follow-up letter later that same day and set an accelerated compliance deadline of 5:00 PM ET on April 29, 2026, expressly warning that suit and emergency injunctive relief would follow if Defendant did not comply. (Falcon Decl., ¶ 11, Ex. D.) The follow-up letter also demanded that Defendant take immediate steps to cause the retraction or correction of any press releases, media statements, or public announcements referencing the "Mosaic Value Partners" name. (*Id.*)

Despite these demands, Defendant has not complied. To the contrary, after receiving the cease-and-desist letters, Defendant escalated its infringing conduct by launching the professionally branded website at mosaicvaluepartners.com, actively

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

soliciting clients under the Mosaic name.

Defendant continues to operate under the "Mosaic Value Partners" name with full knowledge of Plaintiff's rights and objections. In the present action, Plaintiff seeks relief via the Complaint, whose causes of action alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as under California state law and common law.

## LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *NML Capital, Ltd. v. Spaceport Sys. Int'l*, L.P., 788 F. Supp. 2d 1111, 1117 (C.D. Cal. 2011) (quoting *Lockheed Missile & Space Co. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (applying standard to a request for a TRO)). A party seeking a preliminary injunction must make a showing of each of the following elements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of hardships tips in its favor; and (4) that an injunction would serve the public interest. *Warner Bros. Entm't v. Glob. Asylum, Inc.*, No. CV 12 - 9547 PSG (CWx), 2012 U.S. Dist. LEXIS 185695, at *5 (C.D. Cal. Dec. 10, 2012).

These elements are not applied rigidly. The Ninth Circuit employs a sliding scale under which "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011); *see also Biomax Health Prods. LLC v. Perfectx United States*, No. 23-cv-02834-SI, 2023 U.S. Dist. LEXIS 114240, at *5 (N.D. Cal. June 27, 2023).

Interim injunctive relief is a particularly well-suited remedy in trademark cases. As the Ninth Circuit has long recognized, "[p]reliminary injunctions are routinely granted in cases involving trademark infringement" because the principle "that trademark infringement causes irreparable injury and necessitates immediate injunctive relief" is "universally recognized." *Cisco Sys. v. Wuhan Wolon Commun. Tech. Co.*, No. 5:21-cv-04272-EJD, 2021 LX 80832, at *12 (N.D. Cal. July 23, 2021)

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

(quoting *Steinway & Sons v. Robert Demars & Friends*, No. 80-04404, 1981 U.S. Dist. LEXIS 15169, at *18 (C.D. Cal. Jan. 28, 1981)).

## ARGUMENT

### I.    FFP is Likely to Succeed on the Merits.

FFP is overwhelmingly likely to prevail on its claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as under California state and common law. A trademark infringement plaintiff must show "(1) that [it has] a protectible ownership interest in the mark and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Vision Wheel, Inc v. Vision Forged*, 732 F. Supp. 3d 1161, 1165 (C.D. Cal. 2024) (citing *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011)). Both elements are readily established here.

### A.    FFP has a Protectible Ownership Interest in the Mosaic Marks.

FFP's ownership of protectible trademark rights is established as a matter of law. Unlike a common law trademark claimant, who must independently prove "priority of use and continuous use," *Seeno v. Discovery Builders, Inc.*, No. 5:23-cv-04072-EJD, 2024 U.S. Dist. LEXIS 28774, at *9 (N.D. Cal. Feb. 20, 2024), FFP holds three federal registrations on the Principal Register, two of which have achieved incontestable status. This places FFP on substantially stronger footing than the *Shopnomix* plaintiffs, who successfully established protectible interests based solely on unregistered common law marks used for approximately three years. 2025 U.S. Dist. LEXIS 232946, at *5-6. FFP's decade-plus of continuous use and incontestable registrations eliminate any serious question as to ownership or validity.

Federal registration on the Principal Register constitutes prima facie evidence of the validity of the mark and the registrant's exclusive right to use the mark in commerce. Incontestability under 15 U.S.C. § 1115(b) provides "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 7 -

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

registered mark in commerce." Two of the three Mosaic Marks, "Mosaic Family Wealth" (Registration No. 4,982,047) and "Mosaic Family Wealth" (composite mark, Registration No. 5,295,541), are incontestable. The third, "Mosaic Family Office" (Registration No. 7,213,872), is registered on the Principal Register and enjoys the presumptions afforded by federal registration.

FFP, via its network firm Mosaic, has used the Mosaic Marks continuously in connection with wealth management and financial services since 2015, well over a decade of prior, continuous use. Defendant, by contrast, was not formed until April 7, 2026, and did not commence operations until April 24, 2026. FFP's protectible ownership interest in the Mosaic Marks is therefore established as a matter of law. *Cf. Shopnomix*, 2025 U.S. Dist. LEXIS 232946, at *5-6 (finding protectible interest based on unregistered marks with approximately three years of use).

**B.** **Defendant's Use of the "Mosaic Value Partners" Name is Likely to Cause Consumer Confusion.**

Whether consumer confusion is likely turns on the eight-factor test set forth in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979): (1) strength of the mark; (2) proximity of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of purchaser care; (7) defendant's intent; and (8) likelihood of expansion of the product lines. The analysis is flexible: "Some factors are much more important than others, and the relative importance of each individual factor will be case-specific." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999); *see also Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) ("The factors should not be rigidly weighed; we do not count beans.") Among these factors, the similarity of the marks and the relatedness of the services are the most significant. "The use of similar marks to promote similar products weighs heavily in favor of finding a likelihood of confusion." *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1164 (C.D. Cal.). Here, the

- 8 -

*Sleekcraft* factors favor FFP.

### 1. Relatedness of Services and Similarity of Marks

The two most critical *Sleekcraft* factors — relatedness of the services and similarity of the marks — are overwhelmingly satisfied here.

The overlap between the parties' services is complete. Mosaic offers financial planning, wealth management, investment advisory, trust and estate financial administration, estate planning consultation, financial risk management consultation, and related services: the same services for which the Mosaic Marks are registered. Defendant offers *identical* services. Its website advertises wealth management, investment advisory, "retirement and estate planning," "advising on insurance and taxes," and creating "tailored financial solutions." (Dubinskey Decl., ¶ 17, Ex. B; ¶ 18). Both firms are investment advisory and wealth management firms. Also significant, the services provided by Defendant are the identical services that were provided by Defendant's Principals when they were employed by Plaintiff's subsidiary. Both FFP (through its network firm, Mosaic) and Defendant serve the same clientele – high net-worth individuals, families, and trusts and estates. Both firms compete for this small subset of potential clients through the same trade channels. The services are not merely related. They are identical in every material respect.

Not only are the services identical, but the marks are strikingly and confusingly similar. Defendant's name, "Mosaic Value Partners," appropriates the sole distinctive element of FFP's marks — "Mosaic" — and appends only the generic, non-distinguishing words "Value" and "Partners." The addition of generic or descriptive terms to a protected mark does not reduce the likelihood of confusion. *See Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1019 (9th Cir. 2004) (holding that "Nissan.com" and the NISSAN trademark are "legally identical"). In sight, sound, and meaning, the only distinctive component of Defendant's mark is "Mosaic," the identical dominant element of all three Mosaic Marks.

- 9 -

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

Taken together, these two factors form the "controlling troika" in the *Sleekcraft* analysis (alongside common marketing channels, discussed below). *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000). Where, as here, both factors point decisively toward confusion, the remaining factors need only confirm what is already apparent.

The remaining six *Sleekcraft* factors reinforce this conclusion.

### 2.    Strength of the Marks

Mark strength is assessed along two dimensions: conceptual and commercial. "A mark's conceptual strength depends largely on the obviousness of its connection to the good or service to which it refers. The less obvious the connection, the stronger the mark, and vice versa." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 618 F.3d 1025, 1032-33 (9th Cir. 2010). "Arbitrary and fanciful marks, which employ words and phrases with no commonly understood connection to the product, are the two strongest categories, and 'trigger the highest degree of trademark protection.'" *JL Bev. Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1107 (9th Cir. 2016) (citation omitted). Conceptually, "Mosaic" bears no inherent or obvious relationship to financial planning or wealth management, nor is it commonly understood to refer to such services. Accordingly, the Mosaic Marks are arbitrary and are entitled to the highest degree of protection. Thus, the marks are conceptually very strong.

Commercially, the marks carry significant marketplace weight: FFP has used them continuously for over a decade, manages approximately $1.6 billion in client assets under the Mosaic brand, and has developed substantial consumer recognition and goodwill. Two of the three marks are incontestable, which further confirms their strength. To the extent Defendant contends that "Mosaic" is a common or descriptive term in the financial services industry, that argument is foreclosed by FFP's incontestable registrations. As noted above, incontestability under 15 U.S.C. Section 1115(b) provides "conclusive evidence of the validity of the registered mark and of

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce," 15 U.S.C. § 1115(b), subject only to the narrow defenses enumerated in Section 1115(b)(1)-(9), none of which include "common word" or "third-party use" defense. The existence of other firms that happen to use the word "Mosaic" in their names does not diminish FFP's exclusive rights in its registered marks for the specific services at issue here. This factor weighs in favor of FFP.

### 3.    Marketing Channels

The parties compete through overlapping channels. FFP promotes the Mosaic brand through its website, within the financial services industry, and through direct client relationships and referrals. Defendant markets through the same avenues: its website at mosaicvaluepartners.com, the Mariner Independent platform, and online contact forms soliciting prospective clients. The parties target the same specific subset of consumers through the same trade channels. This factor also weighs in favor of FFP.

### 4.    Evidence of Actual Confusion

Proof of actual confusion is not required. The Ninth Circuit has recognized that "the failure to prove instances of actual confusion is not dispositive against a trademark plaintiff" because such evidence is inherently difficult to gather, making "its absence generally unnoteworthy." *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1077 (9th Cir. 2006). Defendant has been operating under the infringing name for only a matter of weeks. (Dubinsky Decl., ¶ 14.) At this early stage, the absence of documented confusion carries little analytical weight. This factor is neutral at worst.

### 5.    Type of Services and Purchaser Care

Even assuming consumers of financial advisory services exercise heightened care, that sophistication "alone cannot be relied on to prevent confusion" where "the products themselves are very similar, and the marks are as well." *Monster, Inc. v.*

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

*Dolby Lab'ys Licensing Corp.*, 920 F. Supp. 2d 1066, 1074 (N.D. Cal. 2013); *see also Nissan Motor Co.*, 89 F. Supp. 2d at 1164 (finding purchaser care factor unimportant where marks and goods were similar). Here, both the marks and the services are identical in every material respect. No degree of consumer sophistication can reliably prevent confusion when the only distinctive element in both parties' marks is the same word: "Mosaic." This factor favors FFP.

### 6. Defendant's Intent

Proof of intent is not required to establish likelihood of confusion. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1208 (9th Cir. 2000) ( "[A]n intent to confuse customers is not required for a finding of trademark infringement … .") (quoting *Brookfield*, 174 F.3d at 1059)). But the evidence of intent here is substantial. The Principals formed Mosaic Value Partners, LLC on April 7, 2026, while they were still employed at FPW, a wholly owned subsidiary of FFP. Their employment at FPW exposed them to direct knowledge of the Mosaic Marks and the identical advisory services offered under those marks.

Despite this knowledge, the Principals chose to adopt a name incorporating the identical dominant term "Mosaic" for an entity providing identical wealth management services. And after receiving two cease and desist letters on April 28, 2026, Defendant did not cease its infringing conduct. Defendant escalated by launching a professionally branded website at mosaicvaluepartners.com, actively soliciting new clients under the Mosaic name. Here, the Principals' knowledge arose from direct employment at an FFP subsidiary, and their post-notice escalation further underscores willfulness.

Even assuming the Principals could credibly deny subjective awareness of the Mosaic Marks, that denial would not change the outcome. Any prudent person forming a financial services firm under the name "Mosaic" has an obligation to conduct a basic trademark search before adopting the name. A search of the USPTO database would have *immediately* revealed FFP's three federal registrations, two of

- 12 -

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

which are incontestable. The Principals cannot insulate themselves from liability by choosing not to look.

In sum, FFP can establish intent through three independent paths: (1) prior knowledge derived from the Principals' employment at FPW, the wholly owned subsidiary through which Mosaic operates as an owned and controlled network firm of FFP; (2) constructive knowledge through the Principals' failure to search the USPTO database before adopting a confusingly similar name; and (3) willful post-notice escalation — that is, launching a professionally branded website under the Mosaic name after receiving cease and desist letters asserting FFP's incontestable trademark rights. This factor weighs heavily in favor of a likelihood of confusion.

### 1. Likelihood of Expansion

This factor is inapplicable where, as here, the parties already compete directly in the same market. *GoTo.com*, 202 F.3d at 1209 (declining to evaluate expansion where parties competed in same space). Defendant is already providing the identical services for which the Mosaic Marks are registered.

### 2. Balancing of the Factors

In sum, every *Sleekcraft* factor either favors FFP or is neutral, and the two most critical factors (mark similarity and service relatedness) point overwhelmingly toward confusion. The evidence of Defendant's intent, including its post-notice website launch, provides additional confirmation. FFP has established far more than the required likelihood of success on the merits. As discussed below, that merits showing also drives the analysis of the remaining preliminary injunction factors.

## II. **Defendant's Continued Use of the Mosaic Marks Will Cause Irreparable Harm.**

Having demonstrated likelihood of success, FFP is entitled to a rebuttable presumption of irreparable harm under the Trademark Modernization Act of 2020. 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm … upon a finding of likelihood of success

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."); *see Ochoa v. Lopez*, No. 8:21-CV-00983-JVS (JPRx), 2022 U.S. Dist. LEXIS 230071, at *5 (C.D. Cal. Dec. 21, 2022) (applying the statutory presumption at the TRO stage); *Restoration Hardware, Inc. v. Alimia Light*, No. 23-cv-00948-HSG, 2023 U.S. Dist. LEXIS 91146, at *5 (N.D. Cal. May 24, 2023) (same).

This presumption reflects a longstanding recognition that trademark infringement, by its nature, inflicts harm that money damages cannot adequately remedy. "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). The "loss of control over business reputation and potential damage to goodwill constitutes an irreparable injury." *Restoration Hardware*, 2023 U.S. Dist. LEXIS 91146, at *5 (N.D. Cal. May 24, 2023)*; see also Shopnomix*, 2025 U.S. Dist. LEXIS 232946, at *6 (granting TRO after finding irreparable harm based on likelihood of confusion).

Additionally, the harm here is concrete and accelerating. Defendant's launch of "Mosaic Value Partners" has been the subject of national media coverage across at least four financial publications, including a globally distributed press release through GlobeNewswire. (Dubinskey Decl., ¶ 16, Ex. A). Each publication disseminates the infringing "Mosaic Value Partners" name to a national audience of financial advisors, investors, potential clients and consumers, deepening the likelihood of confusion with Plaintiff's well-established brand. Defendant is actively building under this name. Defendant plans to rebuild a research publication called "Value Investor Perspectives" under the Mosaic Value Partners brand, which previously reached tens of thousands of subscribers. And Defendant is backed by Mariner's institutional platform, with affiliates collectively advising on more than $647 billion in assets, amplifying the reach and impact of the infringement far beyond what a standalone

- 14 -

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

entity could achieve. Every additional day that Defendant operates under the "Mosaic Value Partners" name, and every additional article or website interaction that propagates that name, inflicts further irreparable injury to Plaintiff's goodwill, built over more than a decade of service and approximately $1.6 billion in managed assets.

## III.    The Balance of the Equities Tips Sharply in FFP's Favor.

The hardship calculus tips decisively in FFP's favor. Where a defendant's only cognizable hardship flows from profits lost on an infringing activity, that hardship "merits little equitable consideration." *Triad Sys. Corp. v. Se. Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995); *accord Restoration Hardware*, 2023 U.S. Dist. LEXIS 91146, at *5. Any burden Defendant bears from an injunction is self-imposed: the natural consequence of choosing to build a business under a name it has no right to use. Meanwhile, absent relief, FFP faces ongoing erosion of its brand equity and goodwill with no adequate remedy at law. *See SATA GmbH & Co. KG v. Wenzhou New Century Int'l,* No. CV 15-08157-BRO (Ex), 2015 U.S. Dist. LEXIS 147637, at *26 (C.D. Cal. Oct. 19, 2015).

Courts in this district have granted TROs imposing far heavier burdens than what FFP seeks here. In *Tee Turtle, LLC v. Anhui Leadershow Household Indus. Co.*, No. CV 21-4703-CBM-(Ex), 2021 U.S. Dist. LEXIS 114490, at *11 (C.D. Cal. June 17, 2021), this Court enjoined the sale of a physical product, a stuffed toy, finding that the defendant's lost profits from infringing sales did not outweigh the plaintiff's goodwill injury. In *Warner Brothers Entertainment*, this Court granted a TRO halting the release of a movie even after DVD cases had already been shipped, concluding that lost profits from infringing activity "carries little weight in the balance of equities." 2012 LX 48990, at *63. And in *Shopnomix*, the court enjoined all use of the infringing marks on websites, social media, domain names, and search engine databases. 2025 U.S. Dist. LEXIS 232946, at *6-7.

What is asked here is far less disruptive than recalling physical products or stopping a film distribution. Defendant has existed for barely three weeks. As FFP's

- 15 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

cease and desist letter observed, Defendant is at an early stage, and a name change now will be far simpler and less costly than it will be later. The minimal burden on Defendant stands in stark contrast to the substantial and growing harm to FFP's brand.

## IV. An Injunction Serves the Public Interest.

Granting an injunction also serves the public interest. "[T]he consuming public is equally injured by an inadequate judicial response to trademark infringement." *Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982). "The most basic public interest at stake in all Lanham Act cases [is] the interest in prevention of confusion, particularly as it affects the public interest in truth and accuracy." *Warner Bros. Entm't*, 2012 U.S. Dist. LEXIS 185695, at *5 (citation omitted); *see also Juul Labs v. Chou*, No. CV 21-3056 DSF (PDx), 2021 U.S. Dist. LEXIS 207138, at *35 (C.D. Cal. June 9, 2021) (public policy supports enjoining infringers to protect consumers).

The public interest concern is heightened in this case. The services at issue (financial advisory and wealth management for high-net-worth individuals, families, trusts, estates, and retirement plans) are ones where consumers place particular reliance on the identity and reputation of their service providers. Confusion in this context carries not just reputational consequences but potential financial ones.

## V. No Bond or a Nominal Bond is Appropriate.

Rule 65(c) vests the Court with broad discretion to set the bond amount, including at zero where "there is no evidence the party will suffer damages from the injunction." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). A bond "may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success." *Ticketmaster, LLC v. RMG Techs.,* Inc., 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007); *see also Shopnomix*, 2025 U.S. Dist. LEXIS 232946, at *7 (waiving bond entirely after finding likelihood of success on trademark claims).

FFP respectfully requests that the Court waive the bond or, alternatively,

- 16 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

set it at a nominal amount. Defendant was formed three weeks ago and has minimal investment in its current name. An injunction requiring Defendant to stop using a name to which it has no legal right would cause no cognizable damages warranting security.

## CONCLUSION

For the reasons set forth above, FFP has demonstrated a clear entitlement to emergency relief. FFP respectfully requests that the Court (1) enter a temporary restraining order prohibiting Defendant from any and all further use of the "Mosaic Value Partners" name or any mark confusingly similar to the Mosaic Marks, and (2) issue an order to show cause why a preliminary injunction should not issue on the same terms. The specific relief sought is described in the concurrently submitted Proposed Order.

Respectfully submitted,

Dated:  May 1, 2026

**ARNALL GOLDEN GREGORY LLP**
Counsel for Plaintiff

**CALLAHAN & BLAINE, PC**
Local Counsel for Plaintiff

By: _____
            Jason P. Casero
            Local Counsel for Plaintiff

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 17 -
MEMORANDUM OF POINTS AND AUTHORITIES ISO APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE