**EXHIBIT C**



2100 Pennsylvania Avenue NW
Suite 350S
Washington, D.C. 20037
Direct Phone: 202.677.4052
Email: briana.falcon@agg.com

April 28, 2026

**Via Electronic Mail and Federal Express**

Mr. John Buckingham
buckytps@aol.com

Mr. Jason Clark
smokehousebacon@gmail.com

Mr. Christopher Quigley
cquigley@outlook.com

Mosaic Value Partners, LLC
120 Vantis Drive
 Suite 300
Aliso Viejo, CA 92677

With copy to:
Patrick J. Burns
pburns@pjblawoffice.com

9229 W Sunset Blvd
Ste 520
West Hollywood, CA  90069

**Re: Immediate Cease and Desist – Trademark Infringement**

Dear Mr. Clark, Mr. Quigley, Mr. Buckingham, and Mr. Burns:

Our firm represents Focus Financial Partners, LLC ("FFP"). Mosaic Family Wealth Partners, LLC ("Mosaic") is an owned and controlled network firm of FFP. We write on behalf of FFP to enforce Mosaic's intellectual property rights as set forth below.

We have learned that you formed a new entity called "Mosaic Value Partners, LLC" with the California Secretary of State on or about April 7, 2026, while you were still employed at Focus Partners

April 28, 2026
Page 2

Wealth, LLC ("FPW"), a wholly owned subsidiary of FFP. Your purported last day with FPW was April 24, 2026.

Your use of the "Mosaic" name in connection with a competing financial services firm constitutes trademark infringement and will not be tolerated.

As you likely know from your time at FPW, Mosaic is an independent wealth management and investment advisory firm that has operated under the "Mosaic" family of marks since 2015. Mosaic is registered with the Securities and Exchange Commission, manages approximately $1.6 billion in client assets, and serves high-net-worth individuals, families, trusts, estates, and retirement plans. Mosaic has used the Mosaic Marks (defined below) continuously in connection with wealth management and financial services for more than a decade. During that time, Mosaic has invested substantial time and resources in building and protecting its brand, cultivating widespread consumer recognition and establishing valuable goodwill in the marketplace. The Mosaic Marks (defined below) are well-known throughout the financial services industry and many of its registrations are incontestable under federal law, providing conclusive evidence of Mosaic's exclusive rights. *See* 15 U.S.C. Section 1115(b).

Mosaic owns the following federally registered trademarks (collectively, the "Mosaic Marks"), each on the Principal Register of the United States Patent and Trademark Office:

- "Mosaic Family Wealth" (standard character mark), U.S. Registration No. 4,982,047, registered June 21, 2016 (incontestable);
- "Mosaic Family Wealth" (composite mark featuring the Mosaic design element), U.S. Registration No. 5,295,541, registered September 26, 2017 (incontestable);
- "Mosaic Family Office" (standard character mark), U.S. Registration No. 7,213,872, registered November 7, 2023.

Mosaic has also filed a pending application for "Mosaic Wealth," U.S. Serial No. 98/503,249, which has been published for opposition and received a Notice of Allowance.  Each of the Mosaic Marks is registered for financial planning, wealth management, investment advisory, trust and estate financial administration, estate planning consultation, financial risk management consultation, and related services in International Class 036.   Mosaic's priority is beyond dispute. Any use of "Mosaic" in connection with financial services by a junior user, particularly a former employee with actual knowledge of these marks, is presumptively infringing. Copies of the above registrations and pending application are attached to this letter as enclosures.

Your use of "Mosaic Value Partners" in connection with financial services that are identical to those covered by the Mosaic Marks is plainly infringing. The name "Mosaic Value Partners" incorporates the identical dominant term "Mosaic" and adds only the generic and descriptive terms "Value" and "Partners," which do nothing to distinguish your mark from Mosaic's federally registered trademarks. The marks are used in connection with the same services, target the same consumers, and operate in the same trade channels. The likelihood of confusion here is clear and unequivocal. *See* 15 U.S.C. Section 1114(1). Your conduct constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. Sections 1114 and 1125(a), as well as under state common law.

We also note that you formed Mosaic Value Partners, LLC on April 7, 2026, while you were still employed by FPW. The formation of a competing business under a confusingly similar name during your employment raises serious concerns regarding breaches of your employment agreement, including any

restrictive covenants, non-competition, non-solicitation, or confidentiality obligations contained therein. Mosaic and FFP expressly reserve all rights and remedies with respect to those obligations.

We are sending this letter as a courtesy. You are at an early stage, and a name change now will be far simpler and less costly than it will be later. We encourage you to take advantage of this opportunity to resolve this matter without litigation. On behalf of FFP and Mosaic, we demand that you:

- Immediately cease and desist from any and all use of the name "Mosaic Value Partners" and any other mark, trade name, domain name, social media handle, or designation incorporating the word "Mosaic" or otherwise confusingly similar to Mosaic's registered marks;

- Refrain from filing any application with the United States Patent and Trademark Office for any mark incorporating "Mosaic" or any term confusingly similar to the Mosaic Marks;

- File the necessary documents with the California Secretary of State to amend the "Mosaic Value Partners, LLC" entity name and provide Mosaic with written confirmation of the same;

- Confirm in writing that you will not adopt or use any mark, name, or designation confusingly similar to Mosaic's marks in connection with financial services or any related business; and

Please confirm in writing by *May 1, 2026*, that you have fully complied with these demands. Upon receipt, FFP and Mosaic are willing to discuss an appropriate path toward complete resolution of this matter. If we do not receive a satisfactory response by May 1, FFP and Mosaic will consider all available remedies, including injunctive relief, monetary damages, and recovery of attorneys' fees, in order to protect our intellectual property rights.

Nothing in this letter constitutes a complete statement of Mosaic's or FFP's rights, claims, or remedies, all of which are expressly reserved.

Sincerely,

Briana R. Falcon

**ARNALL GOLDEN GREGORY LLP**