**ARNALL GOLDEN GREGORY LLP**
Briana R. Falcon (*Pro Hac Vice* Forthcoming)
briana.falcon@agg.com
Thomas J. Caulfield (*Pro Hac Vice* Forthcoming)
thomas.caulfield@agg.com
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

Scott E. Taylor (*Pro Hac Vice* Forthcoming)
scott.taylor@agg.com
Avery E. Carter (*Pro Hac Vice* Forthcoming)
mailto:avery.carter@agg.com
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-7030
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Phone: (202) 677-4052

**CALLAHAN & BLAINE, PC**
Javier Van Oordt (Bar No. 184879)
jvo@callahan-law.com
Jason P. Casero (Bar No. 263933)
jcasero@callahan-law.com
19900 MacArthur Blvd., Suite 1200
Irvine, California 92612
Telephone: (714) 241-4444

Attorneys for Plaintiff FOCUS
FINANCIAL PARTNERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCUS FINANCIAL PARTNERS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MOSAIC VALUE PARTNERS, LLC,<br><br>        Defendant. | Case No.:  8:26-cv-01050-JWH-KES<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. __]** |

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

**RULING**

On May 1, 2026, Plaintiff Focus Financial Partners, LLC ("FFP") filed an *Ex Parte* Application for a Temporary Restraining Order ("Application"). Dkt. [ ]. This matter came to hearing on [date]. Dkt. [ ]. [Defendant [did/did not] file a response to the Application [or appear at the hearing].

For the reasons stated herein, the court GRANTS the Application and ENTERS a temporary restraining order as set forth below. The court further ORDERS Defendant to show cause on [date], in Courtroom [__] of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, why a preliminary injunction should not issue embracing all terms of the temporary restraining order.

Plaintiff may file a memorandum in support of its request for preliminary injunction by [date]; otherwise, the court will accept the subject Application as Plaintiff's moving papers. Plaintiff shall serve Defendant with this Order and copies of the Application and related documents, as well as any memorandum in support of its request for preliminary injunction, by [date]. Defendant's deadline to file and serve a response to Plaintiff's request for preliminary injunction shall be [date]. Plaintiff's deadline to file a reply shall be [date].

**BACKGROUND**

On May 1, 2026, Plaintiff filed the Complaint in this action, asserting causes of action for: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) unfair competition in violation of California Business & Professions Code § 17200, et seq.; (4) California trademark infringement under Cal. Bus. & Prof. Code § 14245; and (5) common law trademark infringement. Dkt. 1. Plaintiff alleges it owns incontestable, federally registered trademarks in the MOSAIC FAMILY WEALTH, MOSAIC FAMILY WEALTH (composite), and MOSAIC FAMILY OFFICE marks (the "Mosaic Marks"), in connection with

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 1 -

financial planning, wealth management, investment advisory, and related services. *Id.* ¶¶ []. According to Plaintiff, Defendant infringed these marks by adopting and operating under the confusingly similar name "Mosaic Value Partners" to offer identical services, with full knowledge of Plaintiff's prior use of the Mosaic Marks through the principals' employment at Plaintiff's wholly owned subsidiary. *Id.* ¶¶ [].

### DISCUSSION

**I.    Procedural Considerations**

Before filing an ex parte application, a party must: "(a) make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) advise the [c]ourt in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Local Rule 7-19.1. "An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof." Local Rule 7-19.

Plaintiff identifies the name, mailing address, and e-mail address of Defendant and its counsel. Dkt. [] at []. Plaintiff's counsel submitted a declaration certifying in writing her efforts to give notice of the Application to Defendant through its counsel. Dkt. [] (Falcon Decl. ¶ ). This is sufficient to satisfy the procedural requirements and establish Defendant was given notice of the Application and Plaintiff's request for a temporary restraining order.

**II.    Legal Standard**

A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs 'establish that irreparable harm is likely.'" *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017) (quoting *Cottrell*, 632 F.3d at 1131).

A plaintiff seeking a preliminary injunction or temporary restraining order "shall be entitled to a rebuttable presumption of irreparable harm ... upon a finding of likelihood of success on the merits" in a trademark infringement action. 15 U.S.C. § 1116(a).

## III.  Analysis

The Lanham Act prohibits the use in commerce, without the consent of the registered trademark owner, of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C. § 1114(1)(a). "To establish a trademark infringement claim under the Lanham Act, 15 U.S.C. §§ 1051-1127 ..., a plaintiff must establish that the defendant is using a mark 'confusingly similar' to the protectable trademark of the plaintiff." *Horphag Rsch. Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003).

Plaintiff presents evidence that it has used the Mosaic Marks in connection with financial planning, wealth management, and investment advisory services continuously since 2015. (Dkt. [] (Woods Decl. ¶ ), well prior to Defendant's adoption of the "Mosaic Value Partners" name on April 7, 2026 (Dkt. [] (Falcon Decl. ¶ [])). Two of Plaintiff's three registrations are incontestable under 15 U.S.C. § 1115(b). Defendant offers identical services under a name incorporating the identical dominant term "Mosaic," to the same consumers, through the same trade channels. Defendant

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 3 -

[did/did not] file a response to the Application or appear at the hearing.

The court, therefore, finds Plaintiff has established it is likely to succeed on the merits of its claims and is entitled to the temporary restraining order requested.

Finally, a party requesting an injunction must generally post a bond "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The court, however, has discretion to waive the bond, and does so here. See Diaz v. Brewer, 656 F.3d 1008, 1015 (9th Cir. 2011); Ticketmaster, LLC v. RMG Techs., Inc., 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007) ("A bond may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success.").

## CONCLUSION

For the reasons stated, the court GRANTS the Application and ORDERS as follows:

1. Defendant and its officers, agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant who receive notice of this Order are immediately enjoined and restrained from:

a. Marketing, promoting, offering to sell, selling, and distributing any service or product under or bearing the trademark MOSAIC VALUE PARTNERS or under or bearing any other trademark that is identical or confusingly similar to the MOSAIC FAMILY WEALTH, MOSAIC FAMILY WEALTH (composite), or MOSAIC FAMILY OFFICE trademarks;

b. Advertising, marketing, or holding itself out under the name "Mosaic Value Partners" or any confusingly similar mark, including on any website, social media platform, directory listing, or domain name;

c. Having the mosaicvaluepartners.com domain name, or any other domain name incorporating the word "Mosaic" in connection with financial planning, wealth

- 4 -

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

management, investment advisory, or related services, resolve to any visible webpage or forward visitors to any other website or location; and

d. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, marketing materials, or communications bearing the MOSAIC VALUE PARTNERS name or bearing any other mark that is identical or confusingly similar to those trademarks; and (ii) any evidence relating to the marketing, promoting, offering to sell, selling, and distributing any service or product under the MOSAIC VALUE PARTNERS name.

2. Defendant, its officers, agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant shall immediately discontinue the use of the trademarks MOSAIC VALUE PARTNERS or any other mark that is identical or confusingly similar to the trademarks MOSAIC FAMILY WEALTH, MOSAIC FAMILY WEALTH (composite), and MOSAIC FAMILY OFFICE in association with all websites, social media accounts, domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, operated, or controlled by Defendant.

3. Defendant shall take reasonable steps to cause the retraction or correction of any press releases, media statements, or public announcements referencing the name "Mosaic Value Partners."

The court further ORDERS Defendant to show cause on [date], in Courtroom [__] of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, why a preliminary injunction should not issue embracing all terms of the temporary restraining order set forth above. Plaintiff may file a memorandum in support of its request for preliminary injunction by [date];

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

otherwise, the court will accept the subject Application as Plaintiff's moving papers. Plaintiff shall serve Defendant with copies of this Order and the Application and related documents, as well as any memorandum in support of its request for preliminary injunction, by [date]. Defendant's deadline to file and serve a response to Plaintiff's request for preliminary injunction shall be [date]. Plaintiff's deadline to file a reply shall be [date].

This temporary restraining Order shall be effective immediately without any need for Plaintiff to pay a security or bond.

**IT IS SO ORDERED.**

Dated:

_____        _____

                              United States District Judge

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

- 6 -

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER